WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-01584-001-TUC-RM (BGM) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Mustaf Adan Arale - 001<br>Zeinab Abdirahman Mohamed - 002, | |
| Defendants. | |

Following a status conference on September 11, 2019, the Court took under advisement the matter of whether the Court retains jurisdiction over Defendant Mustaf Adan Arale's case while the Government's interlocutory appeal (Doc. 129) of the Court's suppression order (Doc. 124) is pending before the Ninth Circuit Court of Appeals. For the following reasons, the Court concludes that it lacks jurisdiction and will stay Defendant Arale's case pending resolution of the appeal of the suppression order. The Court will also require the parties to brief the issue of whether the stay should also apply to Defendant Zeinab Abdirahman Mohamed.

**I.     Background**

On May 1, 2019, Magistrate Judge Bruce G. MacDonald issued a Report and Recommendation ("R&R") (Doc. 111), which recommended denying Defendant Arale's Motion to Suppress Statements (Doc. 62). Defendant Arale objected to the R&R (Doc. 113), and the Government responded (Doc. 119). On July 5, 2019, the Court ordered,

under seal, the suppression of Defendant Arale's statements to government officials during an interview at his home on May 24, 2017 (Doc. 124). On August 2, 2019, the Government filed a Notice of Appeal from the Court's order granting Defendant Arale's Motion to Suppress. (Doc. 129.) The Government is now waiting for the Solicitor General to decide whether the appeal can be litigated. (Doc. 134.) Although the Government did not indicate a timeframe for the Solicitor General's decision, the Ninth Circuit briefing schedule sets a November 1, 2019 deadline for Appellant's opening brief. (Doc. 133.) Trial as to both defendants has been continued to November 12, 2019, but this is not a firm trial date. (Doc. 140.)

Defendant Mohamed filed a motion to sever on April 2, 2019. (Doc. 101.) The Government agreed that severance was necessary. (Doc. 110.) On June 4, 2019, the Court granted a severance of Defendant Mohamed's trial. (Doc. 121.) Defendant Mohamed did not move to suppress any statements and therefore the suppression order (Doc. 124) and subsequent appeal (Doc. 129) apply only to Defendant Arale.

## II. Applicable Law

As an initial matter, the Court notes that the Government may file an interlocutory appeal of an order suppressing evidence. 18 U.S.C. § 3731; *United States v. Moskowitz*, 702 F.3d 731, 733 (2d Cir. 2012); *see also United States v. Eccles*, 850 F.2d 1357, 1362 (9th Cir. 1988) ("[I]nterlocutory review of a district court's order suppressing evidence is made necessary by the double jeopardy clause."). The general rule is that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "Actions taken [after appeal] by the district court are taken without jurisdiction." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). However, a district court retains jurisdiction to dismiss an indictment while a § 3731 appeal from a pretrial order is pending. *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir. 1985).

"Courts have 'broad discretion to stay cases, provided that the length of stay is reasonable and accounts for the competing interests of the parties.'" *Thakkar v. United States*, 389 F. Supp. 3d 160, 171 (D. Mass. 2019); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An interlocutory appeal pursuant to § 3731 may have a "disruptive effect on the criminal trial process, therefore harboring a potential for abuse." *Gatto*, 763 F.2d at 1050. The government's right to appeal must therefore be balanced with the defendant's fundamental rights to proceed to trial and to be free from confinement before trial. *Id.*; *United States v. Salerno*, 481 U.S. 739, 750 (1987).

"An interlocutory appeal by the Government ordinarily is a valid reason that justifies delay." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986); *United States v. Herman*, 576 F.2d 1139, 1146 (5th Cir. 1978). But "delays in bringing the case to trial caused by the Government's interlocutory appeal may be weighed in determining whether a defendant has suffered a violation of his rights to a speedy trial." *Loud Hawk*, 474 U.S. at 316 (1986). "In assessing the purpose and reasonableness of such an appeal, courts may consider . . . the strength of the Government's position on the appealed issue, the importance of the issue in the posture of the case, and—in some cases—the seriousness of the crime." *Id*. "The charged offense must be serious to justify keeping a person presumed innocent in jail a long time before trial pending appeal." *Herman*, 576 F.2d at 1146 (where defendant was charged with murder and robbery, an additional fifteen months of incarceration pending the government's interlocutory appeal was justified).

### III. Discussion

The Court finds that it is divested of jurisdiction as to Defendant Arale while the Government's interlocutory appeal of the suppression order is pending. *See Griggs*, 459 U.S. at 58. Therefore, the Court will stay Defendant Arale's case pending resolution of the appeal. Pending further briefing, the stay applies only to Defendant Arale because the trials have been severed and only Defendant Arale's case is currently affected by the pending appeal.

Accordingly,

**IT IS ORDERED** that this case is stayed as to Defendant Mustaf Arale pending resolution of the Government's appeal to the Ninth Circuit (Doc. 129) of the Court's suppression order (Doc. 124).

**IT IS FURTHER ORDERED** setting a status conference as to Defendant Zeinab Mohamed on **October 16, 2019 at 10:15 a.m.**, before the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701.

**IT IS FURTHER ORDERED** that on or before **October 9, 2019**, both parties shall submit briefs regarding whether Defendant Mohamed's case should also be stayed.

Dated this 30th day of September, 2019.

_____
Honorable Rosemary Márquez
United States District Judge