MICHAEL BAILEY
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant U.S. Attorney
Arizona State Bar No. 010547
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: bev.anderson@usdoj.gov



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Mustaf Adan Arale,<br>　aka Mohamed Abdirahman Osman,<br><br>　　　　　Defendant. | CR-18-1584-TUC RM (BGM)<br><br>**PLEA AGREEMENT** |

　　　　The United States of America, and the Defendant MUSTAF ADAN ARALE aka, MOHAMED ABDIRAHMAN OSMAN, hereby agree to dispose of this matter on the following terms and conditions:

**1.　PLEA**

　　　　The defendant shall plead guilty to two counts of False Swearing in an Immigration Matter, in violation of Title 18, United States Code, Section 1546, Class C felonies, as alleged in the Information.

**2.　MAXIMUM PENALTIES**

　　　　a.　As to each count, a violation of 18 U.S.C. § 1546, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of up to three years.

　　　　b.　According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

　　　　　　(1)　make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a naturalized United States citizen or is not a citizen of the United States. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

**3. AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulations.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate to the following:

(1) Upon defendant's conviction of 18 U.S.C. §1546, defendant stipulates and agrees that his status as a Refugee, and any/all other legal status in the United States will be revoked, set aside, and declared void, without further hearing or process.

(2) In addition, the defendant stipulates and agrees that he will be subject to the Stipulated Order of Removal pursuant to Section 4 below.

(3) The defendant stipulates and agrees that he is solely responsible for obtaining, at his own expense, without the assistance of ICE or ERO, a valid travel

document, purchased airfare and travel itinerary to Somalia, or any other country willing to accept him, no later than 30 days prior to sentencing. If the defendant is unable to obtain a valid travel document, purchased airfare and travel itinerary to Somalia, or any other country willing to accept him, no later than 30 days prior to sentencing, the government may withdraw from this plea agreement.

(4) The parties stipulate that the defendant will be sentenced to a period of time served and shall be placed on supervised release for a period of up to three years. The parties stipulate that the defendant will be released from custody following the completion of the sentencing hearing. The parties also stipulate that if the defendant is not released from custody after the sentencing, the defendant may withdraw his guilty plea, or the court may order his release. The parties also stipulate that upon release from custody, the defendant shall submit to home arrest, including electronic monitoring, as a condition of supervised release, until the time he has self-removed from the country. Finally, the parties stipulate that if the defendant has not removed himself from the United States within seven (7) days of the sentencing his supervised release may be revoked.

(5) In exchange for the defendant pleading guilty as set forth in this plea agreement, the government would move to dismiss charges against co-defendant Zeinab Mohamed after acceptance of this plea agreement, sentencing by the Court and removal of defendant Arale, aka Osman. Although sufficient evidence existed to charge co-defendant Mohamed, the government would move to dismiss charges against co-defendant Mohamed based on the government's assessment that defendant Arale, aka Osman, is clearly the most culpable of the two defendant's. Furthermore, based on the prioritization of federal resources and interests, the government would choose not to proceed to trial against defendant Mohamed alone.

b. <u>Acceptance of Responsibility.</u> If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States

will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

    c.    <u>Nonbinding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

    d.    <u>Stipulations.</u> The parties understand that if the Court rejects a stipulation, then the parties will have the opportunity to withdraw from the plea agreement.

**4.**   <u>**STIPULATED JUDICIAL ORDER OF REMOVAL**</u>

    a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree and stipulate to a judicial order of removal pursuant to 8 U.S.C. §1228(c)(5). The defendant further agrees and stipulates that the defendant shall remove himself from the United States at his own expense no later than seven (7) days after sentencing. The defendant waives the right to notice and a hearing on this matter. The defendant waives any potential relief from removal that may be available to the defendant and avows that the defendant has no fear of return to his home country of Somalia or any other country. The defendant agrees and stipulates that the defendant will not seek to appeal a judicial order of removal.

    b.    The defendant agrees and stipulates that he was inadmissible to the United States under section 212(a)(6)(C)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(C)(i)), in that the defendant was an alien who, by fraud or willfully misrepresenting a material fact, sought to procure or has procured a visa, other documentation, or admission into the United States or other benefit provided under the Immigration and Nationality Act. Accordingly, the defendant agrees and stipulates that he is removable from the United States under section 237(a)(1)(A) of the Immigration and Nationality Act (8 U.S.C. § 1227(a)(1)(A)).

    c.    The defendant agrees and stipulates that the defendant will submit evidence of and obtain a travel document allowing him to enter and repatriate himself to Somalia, or any other country willing to accept him, and the defendant will submit evidence of purchased airfare and itinerary, no later than 30 days prior to the date of his sentencing. The defendant further agrees and stipulates to submit evidence of his efforts to obtain said document(s). These documents will be provided to the prosecutor or the prosecution case agent.

    d.    The defendant agrees and stipulates that the defendant will submit evidence of purchased airfare and itinerary to Somalia, or any other country willing to accept him, no later 30 days prior to the date of his sentencing. These documents will be provided to the prosecutor or the prosecution case agent. Further, the defendant agrees and stipulates that prior to departing the United States, the defendant will coordinate with U.S. Immigration and Customs Enforcement in order to allow immigration officials to witness and document the defendant's self-deportation.

    e.    The defendant hereby requests that an Order be issued by this Court for his removal to Somalia or, or any other country that will accept him. That Order shall be effective no later than seven (7) days after sentencing.

    f.    At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall depart the United States.

    g.    The defendant agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

5. **PERJURY AND OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

6. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed.R.Crim.P. 11(c)(1)(A), the United States shall dismiss Counts 1, 2, 3, 5 and 6 of the Indictment, charging the defendant with False Swearing in an Immigration Matter, a violation of 18 U.S.C. § 1546; Counts 4 and 7 of the Indictment, charging the defendant with False Statement Made to a Department or Agency of the United States a violation of 18 U.S.C. § 1001(a)(2), and Count 8 of the Indictment, charging the defendant with Aiding and Abetting False Statements Made to a Department or Agency of the United States, a violation of 18 U.S.C. §§ 1001(a)(2) and 2, at the time of sentencing.

7. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

8. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. Further, the defendant agrees and stipulates that he will not seek to appeal a judicial order of removal. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

9. **DISCLOSURE OF INFORMATION**

   a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

   c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

   (1) criminal convictions, history of drug abuse, and mental illness; and

   (2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**10.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**11.   ELEMENTS OF OFFENSES**

**False Swearing in Immigration Matter**

1. The defendant made a false statement;
2. The defendant acted with knowledge that the statement was untrue;
3. The statement was material to the activities or decisions of the United States Citizenship and Immigration Services (USCIS); that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities;
4. The statement was made under oath/penalty of perjury;
5. The statement was made on an Application required by immigration laws or regulations.

In this jurisdiction, the Ninth Circuit Court of Appeals has read a materiality requirement into 18 U.S.C. § 1546(a). Defendant has been charged and pleaded guilty to a violation of 18 U.S.C. § 1546(a). However, in an abundance of caution, the defendant is advised and understands that a statement is material if it is capable for affecting or influencing a governmental decision.

1  **12. FACTUAL BASIS**
2      The defendant admits that the following facts are true and that if this matter were to
3  proceed to trial the United States could prove the following facts beyond a reasonable
4  doubt:

**False Swearing in Immigration Matter**

6      On or about August 21, 2013, while living in China, I submitted
7  Form I-590, that is a Registration for Classification as Refugee, to the
8  Department of Homeland Security, U.S. Citizenship and Immigration
9  Services. My application, including all of my answers, responses and
10 contents set forth in the application and supporting documents, were made
11 under oath and subject to penalty of perjury, which I fully knew. I knew
12 at the time that I submitted the application that I was not entitled to Refugee
13 Status because I had provided false information under oath to Immigration
14 officials. Specifically, I knowingly made under oath, a false statement in
15 that I failed to inform Immigration Officials that I had gone by, or used
16 other names. My false, fictitious and fraudulent statements and
17 representations made in my Form G-325, Biographic Information, in
18 support of the Form I-590, Application for Refugee Status, were made
19 under penalty of perjury. I submitted this form with U.S. Citizenship and
20 Immigration Services on August 21, 2013. The G-325, Biographic
21 Information form asked for my "Family name", "First name" and "Middle
22 name". I responded "Arale, Mustaf Adan". Next, in the space directly
23 under my name, the form stated "All Other Names Used (include names by
24 previous marriages)" with a blank space for the response. I wrote
25 "NONE". This answer provided under penalty of perjury was a lie. I
26 have used and gone by another name – Mohamed Abdirahman Osman. I
27 lied on the immigration form by denying that I had ever used another name.
28

I lied as I believed that I would be denied entry into the United States had I provided truthful information.

I was granted refugee status and have resided in Arizona since my arrival into the United States in 2014.

I further admit that on June 30, 2015, I submitted Form I-485, Application to Register Permanent Residence or Adjust Status, to the Department of Homeland Security, U.S. Citizenship and Immigration Services. My application, including all of my answers, responses and contents set forth in the application and supporting documents were made under oath and were subject to penalty of perjury, which I fully knew. I knew at the time that I submitted the application that I was not entitled to Legal Permanent Resident Status because I had provided false information under oath to Immigration officials. Specifically, I knowingly made under oath, a false statement in that I failed to inform Immigration Officials that I had gone by, or used other names. My false, fictitious and fraudulent statements and representations made in my Form G-325, Biographic Information, in support of the Form I-485, Application to Register Permanent Residence or Adjust Status, were made under penalty of perjury. The form asked for my "Family name", "First name" and "Middle name". I responded "Arale, Mustaf Adan". Next, in the space directly under my name, the form stated "All Other Names Used (include names by previous marriages)" with a blank space for the response. I wrote "NONE". This answer provided under penalty of perjury was a lie. I have used and gone by another name – Mohamed Abdirahman Osman. I lied on the immigration form by denying that I had ever used another name. I lied as I believed that I would be denied entry into the United States had I provided truthful information.

Further, on Part 3, Processing Information, question 9, I was asked: "Are you under a final order of civil penalty for violation section 274C of the Immigration and Nationality Act (INA) for use of fraudulent documents **or have you by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit?**" I marked an "X" next to NO.

This answer provided under penalty of perjury was a lie. As stated above, on August 21, 2013, I submitted Form I-590, which included lies that assisted me in obtaining an immigration benefit.

Finally, I admit that the statements/responses I provided in the applications described above, were material to the activities or decisions of the United States Citizenship and Immigration Services (USCIS) and were capable of influencing the agency's decisions or activities.

Finally, for purposes of Form I-590, I admit that my last known residence was in the State of Arizona.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself

by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

I have reviewed this entire plea agreement with my attorney. I understand the entire plea agreement and I voluntarily agree to all of the terms contained therein.

4/17/20
Date

Mustaf Adan Arale, aka
Mohamed Abdirahman Osman
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/17/20
Date

S. Jonathan Young
Attorney for Defendant

- 13 -

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

April 17, 2020
Date

BEVERLY K. ANDERSON
Assistant U.S. Attorney